An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JON HERNANDEZ,
Petitioner,
vs.
THE STATE OF NEVADA,
Respondent.

No. 58470

FILED

MAR 1 9 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER DENYING PETITION FOR WRIT OF MANDAMUS

This is an original proper person petition for a writ of mandamus challenging the district court's failure to assign a case number to or otherwise act on an action filed by petitioner.

A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station, or to control an arbitrary or capricious exercise of discretion. See NRS 34.160; International Game Tech. v. Dist. Ct., 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). It is within our sole discretion to determine if a writ petition will be considered. Smith v. District Court, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). Petitioner bears the burden of demonstrating that extraordinary relief is warranted. Pan v. Dist. Ct., 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

Having considered the petition and the attached document, we conclude that petitioner has not demonstrated that our intervention by way of extraordinary relief is warranted. See NRS 34.160; Pan, 120 Nev. at 228, 88 P.3d at 844; see also NRAP 21(a)(4) (requiring a petitioner to attach an appendix to his or her petition including a copy of any part of the record before the respondent or any original document necessary for

SUPREME COURT
OF
NEVADA

(O) 1947A

13-08176

this court to understand the matters set forth in the petition). Accordingly, we

ORDER the petition DENIED.[1]

_____ , J.
Gibbons

_____ , J.
Douglas

_____ , J.
Saitta

cc:    Jon Hernandez
      Carson City District Attorney
      Attorney General/Carson City
      Carson City Clerk

---

[1]We direct the clerk of this court to file petitioner's motion to proceed in forma pauperis, provisionally received on June 14, 2011, and we conclude that no action is necessary on this motion as this court has already granted petitioner's motion to waive the filing fee.

Further, we deny all other requests for relief contained in this petition. We note that on December 31, 2012, this court mailed to petitioner its order granting petitioner's motion to waive the filing fee and that order has since been returned as undeliverable. Petitioner's failure to provide this court with an updated address, leaving it unable to communicate with him, constitutes an independent basis for denying this petition.